Marlene JUNE, Conservator for minor and surviving son of deceased in his own right and on behalf of all statutory beneficiaries conservator for A.K.B. deceased, Anthony Edward Booth, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 11–17776.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2013.*

Filed Dec. 24, 2013.

Jaspreet Singh, Esquire, Law Office of Jaspreet Singh, Jackson Heights, NY, for Plaintiff–Appellant.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District Judge.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

MEMORANDUM ***

Plaintiff Marlene June, acting as conservator for A.K.B., ("June") appeals the district court's judgment in favor of the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

After the district court entered judgment, an en banc panel of this Court held that 28 U.S.C. § 2401(b) of the Federal Tort Claims Act is not jurisdictional and that equitable adjustment of the limitations period in that section is not prohibited. *Wong v. Beebe*, 732 F.3d 1030 (9th Cir.2013) (en banc), *overruling Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009). In light of *Wong*, we must reverse the district court's contrary ruling and remand for further proceedings consistent with this disposition.

We need not, and do not, reach any other issue urged by the parties on appeal.

**REVERSED AND REMANDED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.